Appeal from an order of the Supreme Court, Erie County (John L. Michalski, A.J.), entered August 13, 2012 in a proceeding pursuant to Mental Hygiene Law article 10. The order committed respondent to a secure treatment facility.
It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
Memorandum: Respondent appeals from an order determining that he is a dangerous sex offender requiring confinement pursuant to Mental Hygiene Law article 10 and committing him to a secure treatment facility. Respondent contends that the admission of “hearsay basis evidence” from petitioner’s experts deprived him of a fair trial and violated his constitutional right to due process (Matter of State of New York v Floyd Y., 22 NY3d 95, 109 [2013]). Inasmuch as respondent did not object to any of the allegedly improper evidence, we conclude that he failed to preserve his contention for our review (see Matter of State of New York v Muench, 85 AD3d 1581, 1582 [2011]; Matter of State of New York v Wilkes [appeal No. 2], 77 AD3d 1451, 1452 [2010]). We decline to exercise our power to review that contention in the interest of justice (see Muench, 85 AD3d at 1582).
Respondent’s challenge to the reliability of the actuarial assessment instruments used by petitioner’s expert is actually a challenge “to the weight of that evidence rather than its admissibility” (Matter of State of New York v Timothy EE., 97 AD3d 996, 998 [2012]; see Matter of State of New York v High, 83 AD3d 1403, 1403-1404 [2011], lv denied 17 NY3d 704 [2011]). “Supreme Court was in the best position to evaluate the weight and credibility of the conflicting [psychological and] psychiatric testimony presented . . . After independently reviewing the evidence presented at the dispositional hearing and according appropriate deference to the court’s decision to credit the opinion of [petitioner’s expert] over that of [respondent’s expert] . . . , we find no basis to disturb [the court’s] determination that respondent was a dangerous sex offender requiring confinement” (Matter of State of New York v Timothy JJ., 70 AD3d 1138, 1144-1145 [2010]; see Matter of State of New York v Trombley, 98 *1536 AD3d 1300, 1301 [2012], lv denied 20 NY3d 856 [2013]; Timothy EE., 97 AD3d at 999).
Present— Scudder, EJ., Smith, Centra, Fahey and Peradotto, JJ.